Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5701 | **DATE** | 5/20/2003 |
| **CASE TITLE** | Graffia vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Mr. Graffia's complaint for declaratory and injunctive relief ( treated here as a petition to vacate, set aside, or correct his sentence) is denied. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 US number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 21 2003 date docketed | |
| | Notified counsel by telephone. | | | 20 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 03 MAY 20 PM 6:14 | 5/20/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office U.S. DISTRICT COURT | MPJ mailing deputy initials | |

```
                                              DOCKETED
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ILLINOIS
           EASTERN DIVISION              MAY 2 1 2003
```

PAUL W. GRAFFIA,                )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                )   No.  02 C 5701
UNITED STATES,                  )
                                )
          Defendant.            )
                                )
                                )

## MEMORANDUM OPINION AND ORDER

In 1996, Paul Graffia was convicted in this district of federal offenses relating to various fraudulent schemes, and was sentenced to sixty-four months imprisonment. His conviction and sentence were affirmed by the Seventh Circuit. *United States v. Graffia*, 120 F.3d 706 (7th Cir. 1997). In connection with his conviction, various forfeiture proceedings were initiated against his property. In March of 1998, during the pendency of the forfeiture proceedings, Mr. Graffia (acting pro se) filed in the District Court of the District of Columbia a "Complaint for Declaratory and Injunctive Relief." In that complaint, Mr. Graffia expressly sought only

> A Declaration by this honorable Court as to the following question:
> Can the validity of a forfeiture proceeding be maintained which is based upon a criminal conviction of a state Citizen in a federal district court wherein said conviction was obtained in violation of the Constitution of the United States of America?

(Compl. at 27.) Treating Mr. Graffia's complaint as a motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the District Court of the District of Columbia entered an order in August 1998 transferring the case here pursuant to Rule 4(a) of the Rules Governing Section 2255 Proceedings ("The original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him."). At this point, Mr. Graffia's complaint slipped through the proverbial cracks. It was not until four years later, in August 2002, that the Clerk's office in the District of Columbia entered the transfer order to this district, where it was reassigned to me.

In the meantime, Mr. Graffia was released from prison, having served his sentence. Although neither party raises the issue, I note that Mr. Graffia's release from prison does not deprive me of jurisdiction over his section 2255 motion. *See Gates v. United States*, 515 F.2d 73, 76 n.1 (7th Cir. 1975) ("Although [petitioner] has now been released from custody, this court retains jurisdiction to grant relief, if appropriate. The petition under § 2255 survives his release because it was filed while he was in custody."). Nor does his release make his motion moot. A section 2255 motion is not moot if "sufficient collateral consequences of the conviction persist to give the petitioner 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentences imposed on him.'" *Puchner v. Kruziki*, 111 F.3d 541, 543 (7th Cir. 1997) (quoting *Carafas v. La Vallee*, 391 U.S. 234,

2

237 (1968)). As it is unlikely that convictions have no collateral consequences, it is the government's duty to plead and prove that petitioner's conviction does not. *Id.*[1] The government has failed to even address the issue here, and thus has failed to meet its burden. I turn, then, to the merits of Mr. Graffia's petition.[2]

I.

Mr. Graffia states four reasons why he believes his conviction was unconstitutional. His arguments are a bit difficult to understand at times, but I will do my best to properly characterize them throughout this opinion. Mr. Graffia first argues that the federal criminal code does not apply to the conduct for which he was convicted. Second, he argues that his grand jury proceedings were tainted. Third, he argues that his indictment was constitutionally deficient. Fourth, he argues that he received ineffective assistance of counsel.

---

[1] Although *Puchner* and *Carafas* were cases dealing with section 2254 motions for relief from state court judgments, I see no reason why their logic does not apply to section 2255 motions as well.

[2] Mr. Graffia has also filed a motion in the nature of coram nobis to vacate the judgment. A writ of coram nobis affords the same general relief as a writ of habeas corpus. *Howard v. United States*, 962 F.2d 651, 653 (7th Cir. 1992). Habeas relief is available to those in government custody, while coram nobis relief is available after release. *Id.* While Mr. Graffia was no longer in custody when he filed his motion for coram nobis relief, he had a section 2255 motion pending that was neither outside the jurisdiction of this court nor moot. As the relief available under the two procedures is of the same general kind, I will treat Mr. Graffia's coram nobis motion as part of his section 2255 petition.

3

As an initial matter, I note that except for one subpart of his deficient indictment argument, these claims do not appear to have been raised on direct appeal. The appellate court decision does not address these arguments and Mr. Graffia points to no evidence that these issues were raised.[3] With the exception of ineffective assistance of counsel claims, failure to raise an issue on direct appeal bars a defendant from raising it later in a post-conviction proceeding. *Massaro v. United States*, 123 S. Ct. 1690, 1693-94 (2003). Constitutional claims, however, may be raised for the first time in a collateral attack if the petitioner can show cause and prejudice from the failure to raise the issue on appeal. *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993). Here, Mr. Graffia alleges neither cause nor prejudice for procedural default of his claims. While ineffective assistance of counsel may excuse procedural default, *id.*, Mr. Graffia here alleges only ineffective assistance of trial counsel. He had different counsel on appeal and does not complain about his performance. As a result, all of Mr. Graffia's claims (except ineffective assistance of trial counsel) are procedurally defaulted. While technically this means that I should not address the merits of these claims,

---

[3] The only issue here that was addressed on direct appeal was the issue of whether Mr. Graffia's indictment was unconstitutional because certain portions of it were stricken without resubmission to the grand jury. Mr. Graffia has failed to show (or even allege) any relevant change in circumstances between the appeal and now, and thus he may not raise this argument here. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

the Seventh Circuit has noted that the rules regarding procedural default have become "Byzantine in their complexity," and that trial judges may discuss claims that are potentially defaulted if it seems likely to save time in the long run. *Howard v. O'Sullivan*, 185 F.3d 721, 724 (7th Cir. 1999). I therefore turn to the merits of Mr. Graffia's claims.

A.

Mr. Graffia first argues that the federal criminal code applies only within the territorial jurisdiction of the United States, meaning only Washington D.C. and the territories and possessions of the United States, and thus does not apply to the conduct for which he was convicted because it occurred within Illinois. The Seventh Circuit has repeatedly refused to endorse this argument, calling it "frivolous and requir[ing] no further discussion." *United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001) (refusing to discuss argument that federal government had no authority to prosecute bank robbery not committed on federal land) (citing, among others, *United States v. Jones*, 983 F.2d 1425, 1428 & n.6 (7th Cir. 1993) (calling "plainly frivolous" the argument that defendant was a citizen of the sovereignty of Texas and thus not subject to the jurisdiction of the United States on federal bond-jumping charges)). As the Seventh Circuit does not indulge in discussion of this argument, neither will I.

B.

Mr. Graffia next argues that his grand jury proceedings were tainted. He cites to a page of the grand jury transcript in which someone referred to as "the secretary" asks the government attorney a question. Mr. Graffia argues that the presence and conduct of "the secretary" during the grand jury proceedings impermissibly tainted the proceedings. In this district, the secretary is an officer of the grand jury, designated by the foreperson to complete various tasks. The secretary of which Mr. Graffia complains was a legally empaneled grand juror, and thus did not impermissibly taint the proceedings.

C.

Mr. Graffia next argues that his indictment was constitutionally defective. He claims that the indictment failed to aver and prove jurisdiction of the district court and that it failed to aver and prove an essential element of the offense because it stated only that the alleged criminal acts took place in Illinois, not in the territorial jurisdiction of the United States. These claims are simply a rehashing of his frivolous jurisdictional arguments above and will not be discussed here.

Mr. Graffia also claims that his indictment was defective because it failed to properly identify a plaintiff. Mr. Graffia argues that the term "United States" can refer to several different things, namely the politically sovereign nation, the geographic

territory over which United States sovereignty extends, or the collective name of the states that constitute the nation. Mr. Graffia argues that because the indictment failed to clarify which meaning was intended when naming the United States as plaintiff, the indictment was constitutionally deficient. Although, in contrast to my disposition of Mr. Graffia's jurisdictional arguments, I am unable to find Seventh Circuit precedent explicitly calling this argument frivolous, I do not hesitate to do so myself. In defining offenses against its authority and punishing such offenses, the United States is acting as a politically sovereign entity. *See United States v. Wheeler*, 435 U.S. 313, 320 (1978) ("[The federal government] has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses."). To argue that a criminal indictment that fails to expressly indicate that the term "United States" refers to the sovereign entity (as opposed to the geographic territory or the collection of states) is so ambiguous or vague as to be constitutionally deficient is simply absurd.

Mr. Graffia's final argument with respect to his indictment is that the striking of various allegations from the indictment without resubmission to the grand jury violates the Fifth Amendment. As noted above, this argument was presented to the Seventh Circuit on direct appeal and Mr. Graffia presents no

relevant changed circumstances to justify review of the issue here.

D.

Mr. Graffia's final argument is that he received ineffective assistance of counsel at trial. As noted above, this claim is not procedurally barred. Thus, unlike the merits of Mr. Graffia's other claims, which I addressed in the alternative in the event my ruling on procedural default is incorrect, the merits of Mr. Graffia's ineffective assistance claims must be addressed here. Mr. Graffia contends that his appointed attorney, Steven Shobat, was laboring under a conflict of interest while representing Mr. Graffia because Mr. Shobat was a former Assistant United States Attorney. Ineffective assistance claims are generally governed by the familiar two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that his attorney's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Fuller*, 312 F.3d 287, 291 (7th Cir. 2002).

One exception to the *Strickland* test arises where, as here, a petitioner claims ineffective assistance of counsel based on a conflict of interest. In that case, the petitioner must establish "that an actual conflict of interest adversely affected his attorney's performance." *Id.* (citing *Mickens v. Taylor*, 122 S. Ct. 1237, 1245 (2002)). No showing of *Strickland* prejudice is needed.

8

*Mickens*, 122 S. Ct. at 1244. "Actual conflict," however, means "more than a 'mere theoretical division of loyalties.'" *Fuller*, 312 F.3d at 291 (quoting *Mickens*, 122 S. Ct. at 1243). It exists when an attorney "actively represents incompatible interests." *Id.* Here, Mr. Shobat was not actively representing incompatible interests. The fact that he was a former Assistant United States Attorney in no way demonstrates an actual conflict. Mr. Graffia cannot show that Mr. Shobat's former position creates a situation rising above "a mere theoretical division of loyalties." Thus, Mr. Graffia may not rely on the conflict of interest exception under *Mickens*.

Applying the general rule of *Strickland*, then, Mr. Graffia's claims of ineffective assistance fail. The only deficient performance specifically alleged by Mr. Graffia was Mr. Shobat's failure to challenge the sufficiency of the indictment and seek resubmission to the grand jury following the striking of various counts. As demonstrated by the Seventh Circuit on direct appeal, challenging the sufficiency of the indictment on this ground was a losing argument. 120 F.3d at 710-11. Failure to raise a losing argument does not constitute ineffective assistance of counsel. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). The only other allegation of ineffective assistance is the claim that Mr. Shobat "allow[ed] the prosecution to dictate the ebb and flow of the entire proceeding ... accommodating their every dictate." (Compl.

9

at 27). A review of the trial transcript reveals this accusation to be patently false. While Mr. Graffia alleges that Mr. Shobat raised only one objection during trial, the trial transcript indicates that numerous objections were made by Mr. Shobat. Further, Mr. Shobat cross-examined many of the government's witnesses at length, and presented other witnesses in Mr. Graffia's defense. Mr. Graffia's claim regarding Mr. Shobat's general trial performance is simply not true.

II.

Mr. Graffia argues that the four year delay in ruling on his petition denied him the constitutionally guaranteed right of habeas corpus. The only reference in the constitution to the writ of habeas corpus is found in Article I, section 9, which states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Even if this clause represented a restriction on judicial, as opposed to legislative, power, the right to habeas review enshrined in the clause does not include the right to have judgments rendered by courts of competent jurisdiction reexamined in collateral proceedings. *See Lindh v. Murphy*, 96 F.3d 856, 867 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (noting that the writ known in 1789 was the pre-trial contest to the executive's power to hold a person captive, the device to prevent arbitrary detention without trial).

10

In fact, the complete denial of the writ of habeas corpus to challenge federal convictions would not violate the Constitution. *United States v. Anselmi*, 207 F.2d 312, 314 (3d Cir. 1953) ("[U]nder the common law in force when the Constitution was adopted, habeas corpus was not available to persons convicted of crime to test the legality of their conviction ... [a]nd until [1867], this was the rule in the federal courts."). Thus, while unfortunate and regrettable, the substantial delay in addressing Mr. Graffia's petition does not violate any constitutional right to habeas corpus review.[4]

III.

All of Mr. Graffia's claims except ineffective assistance of counsel were procedurally defaulted. Even if they were not, however, they are without merit. Mr. Graffia's ineffective assistance of counsel claim, though not defaulted, is likewise unavailing. Mr. Graffia's complaint for declaratory and injunctive relief (treated here as a petition to vacate, set aside, or correct his sentence) is therefore DENIED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: May 20, 2003

---

[4] Further, it is unclear what relief could be granted even if the delay were a violation of some constitutional right.

11